IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LUCAS STEVEN LASSITER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 1:20-cv-00071 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| AMY C. PUCKETT and SUZIE MCGOWAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff Lucas Steven Lassiter, a Tennessee resident, filed a pro se Complaint against Defendants Amy C. Puckett and Suzy McGowan under 42 U.S.C. § 1983. (Doc. No. 1). Lassiter also submitted an application to proceed as a pauper. (Doc. No. 2). This matter is before the Court for a ruling on the application and initial review of the Complaint.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Lassiter's application indicates that he has a small income from unemployment payments that is exceeded by his basic monthly expenses. (Doc. No. 2). Furthermore, he reports no significant bank account balance, assets, or discretionary expenses. (*Id*. at 2-5). It therefore appears that Lassiter cannot pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

### II. INITIAL REVIEW OF THE COMPLAINT

The Court must conduct an initial review of the Complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding *in forma pauperis* are still subject to the screening requirements of § 1915(e)).

## A. Standard of Review

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th

Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Factual Background**

On November 8, 2019, Hickman County Juvenile Court Judge Amy Puckett gave Clerk Suzie McGowan the authority to sign Judge Hickman's name to an Ex Parte Order. (Doc. No. 1 at 5). This Order placed Plaintiff's two-year-old child in the custody of the Tennessee Department of Children's Services without serving Plaintiff, holding a hearing, or requiring a verified petition. (*Id*.) In February 2020, Plaintiff "confronted" Judge Puckett, and she became hostile and said he could not question the entry of the Ex Parte Order. (*Id*.) Judge Puckett later made a "harsh ruling against Plaintiff" in the child custody case. (*Id*.) Plaintiff believes there was a lack of allegations that he was an abusive or unfit parent. (*Id*.)

Based on these allegations, Plaintiff sues Judge Puckett and McGowen in their individual capacities under Section 1983 for violating his Fourteenth Amendment procedural and substantive due process rights by entering the Ex Parte Order in the alleged manner. (*Id*.)

**C. Analysis**

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

As a threshold matter, Plaintiff has not adequately alleged that Judge Puckett and McGowan committed any error by entering the Ex Parte Order. In Tennessee, a judicial act is

distinguished "from the ministerial action of entering a judgment," *Christopher v. Spooner*, 640 S.W.2d 833, 835 (Tenn. Ct. App. 1982) (citations omitted), for which the signature of a judge is required. *See, e.g.,* Tenn. R. Civ. P. 58; Tenn. R. Juv. Prac. & Proc. 117. Furthermore, Tennessee does not prohibit a judge from adopting a version of his or her signature applied by a non-judicial officer. *See, e.g.*, *O'Dell v. City of Knoxville*, 388 S.W.2d 150, 151-51 (Tenn. Ct. App. 1964), *overruled on other grounds by City of Chattanooga v. Davis*, 54 S.W.3d 248 (Tenn. 2001) (rejecting challenge to warrant bearing copy of judge's signature because there was no indication that the judge "had not adopted the facsimile" as his own); *State v. Timmons*, No. E2008-01628-CCA-R3-CD, 2009 WL 4790065, at *3 (Tenn. Crim. App. Dec. 14, 2009) (finding electronic signature in minute entry of denial of motion for new trial sufficient); *In re Brody S.*, No. M2015-01586-COA-R3-JV, 2016 WL 3096203, at *2 n.3 (Tenn. Ct. App. May 24, 2016) (noting that a deputy clerk signed a judge's name with permission). Here, the Complaint alleges that Judge Puckett "authorized" McGowan to "sign her name" to the Ex Parte Order. (Doc. No. 1 at 5). Furthermore, the copy of the Ex Parte Order attached as an exhibit to the Complaint indicates that someone with the initials "SPM" (presumably Suzie McGowan) applied Judge Puckett's signature "with permission." (*Id*. at 8). Accordingly, because it appears that Judge Puckett adopted a copy of her signature, Plaintiff has not alleged any clear violation of Tennessee procedural rules.

Even assuming that Plaintiff alleges a violation of Tennessee procedural rules, moreover, Plaintiff has not stated a Fourteenth Amendment claim. The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV. There are procedural and substantive due process components. *See Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014). Plaintiff, however, has not plausibly alleged a violation of either component.

4

First, Plaintiff has failed to adequately allege a procedural due process violation because "a 'mere error of state law' is not a denial of [procedural] due process" under the Fourteenth Amendment. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)). Second, Plaintiff has not plausibly alleged a substantive due process violation, because this component protects only "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (internal quotation marks and citations omitted). These rights include, for example, the right to bodily integrity and the right not to be subjected to arbitrary and capricious government action that "shocks the conscience and violates the decencies of civilized conduct." *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)). Thus, substantive due process "does [not] offer recourse for every wrongful action taken by the government." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 862 (6th Cir. 2012). This Court is not aware of any authority holding that state rules of civil practice rise to the level of a fundamental right "implicit in the concept of ordered liberty." Accordingly, Plaintiff has not stated a claim under the Due Process Clause of the Fourteenth Amendment concerning the entry of the Ex Parte Order.

Finally, to the extent that Plaintiff may have intended to use his Fourteenth Amendment claim as a vehicle to challenge the substance of Judge Puckett's Ex Parte Order, the Court may not consider such a claim pursuant to the *Rooker-Feldman* doctrine. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine precludes the Court from hearing "cases brought by state-court losers complaining of injuries

5

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, the Court may not consider a claim by an aggrieved parent disputing an Ex Parte Order of a Tennessee Juvenile Court. *Hancock v. Miller*, No. 2:19-CV-00060, 2020 WL 1493609, at *10-11 (M.D. Tenn. Mar. 27, 2020); *Cunningham v. Davenport*, No. 3:19-cv-00501, 2020 WL 374413, at *5 (M.D. Tenn. Jan. 23, 2020). Any such claim will, therefore, be dismissed for lack of jurisdiction.

### III. CONCLUSION

For these reasons, Plaintiff's Section 1983 claims against Judge Puckett and Suzie McGowan based on the Due Process Clause of the Fourteenth Amendment will be dismissed with prejudice for failure to state a claim. Any Section 1983 claims challenging the substance of the Ex Parte Order will be dismissed without prejudice for lack of jurisdiction.

An appropriate order will enter.

_____  
WILLIAM L. CAMPBELL, JR.  
UNITED STATES DISTRICT JUDGE